# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| DENNIS LEE TIMM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-CV-04134-DGK-SSA |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This action seeks judicial review of the Acting Commissioner of Social Security's ("the Commissioner") decision denying Plaintiff Dennis Timm's application for supplemental security income under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of degenerative disc disease, depressive disorder, anxiety disorder, posttraumatic stress disorder, and peripheral vascular disease, but retained the residual functional capacity ("RFC") to work as a routing clerk, marker, and photocopy machine operator.

After carefully reviewing the record and the parties' arguments, the Court finds the Commissioner's decision is supported by substantial evidence on the record as a whole and so is AFFIRMED.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed his application for benefits on June 22, 2016, alleging a disability onset date of December 8, 2013. The Commissioner denied the application at the initial claim level, and

Plaintiff appealed the denial to an ALJ. The ALJ held a hearing and, on August 24, 2017, issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on May 3, 2018. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016). Substantial evidence is less than a preponderance, but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 416.920(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Plaintiff argues the ALJ erred at Step Five in applying the Medical-Vocational Guidelines, or "grids," to his case and finding he was capable of performing other work. Plaintiff argues that despite acknowledging that he could apply a higher age category of the grids to Plaintiff's case—which would have resulted in a finding of disability—the ALJ declined to do so, and the reasons she gave for not doing so were not supported by substantial evidence.

This argument is unavailing.

In deciding whether a claimant is disabled, the Commissioner considers the claimant's age in conjunction with his RFC, education, and work experience. 20 C.F.R. § 416.963(a). When, as in this case, the ALJ finds that a claimant is unable to perform his past relevant work because of his impairments, the burden shifts at Step Five to the Commissioner to show that there are other jobs in the national economy that the claimant can perform despite the limitations in his RFC. *Phillips v. Astrue,* 671 F.3d 699, 702 (8th Cir. 2012). To satisfy this burden, the ALJ may rely on the Medical-Vocational Guidelines, or "grids," contained in 20 C.F.R. Pt. 404, Subpt. P, Appx. 2. *Pearsall v. Massanari,* 274 F.3d 1211, 1219 (8th Cir. 2001).

The grids "are a set of charts listing certain vocational profiles that warrant a finding of disability or non-disability." *McCoy v. Astrue,* 648 F.3d 605, 613 (8th Cir. 2011) (citing 20 C.F.R. Pt. 404, Subpt. P, Appx. 2). The grids consider the claimant's age, education, and work experience. They contain three age categories: a "younger person" (under age 50), a "person closely approaching advanced age" (ages 50-54), and a "person of advanced age" (age 55 or older). 20 C.F.R. § 416.963(c)-(e). The regulations do not apply the grids' "age categories mechanically in a borderline situation." 20 C.F.R. § 416.963(b). If a claimant is within a few days to a few months

of reaching an older age category—a "borderline" age situation—and using the older age category would result in a determination that the claimant is disabled, the ALJ must consider whether to use the older age category after evaluating the overall impact of all the factors of the claimant's case. *Id.*; *Phillips*, 671 F.3d at 702.

To determine whether to apply a claimant's chronological age category or the higher age category, the Commissioner has adopted a "sliding scale" approach, wherein the further the claimant is away from attaining the next higher age category, the more vocational adversities[2] he must show to support use of the higher age category. *Phillips*, 671 F.3d at 702. "If the claimant does not show additional adversities justifying use of the higher age category," the ALJ "will use the claimant's chronological age—even when the time period is only a few days." Crucially, the ALJ's decision must show that the ALJ considered applying the higher age category, but "detailed findings in borderline situations are not necessary." *Id.* at 706. "Indeed, a mere statement by the [ALJ] that he considered the borderline situation would likely suffice." *Id.*

The age category the ALJ decided to apply here was outcome determinative because Plaintiff was just two days away from his 55th birthday when she reached her decision. And if she had applied the "person of advanced age" (age 55 or older) category, it would have resulted in finding of disability.

The Court finds the ALJ did not err because she correctly identified this case as involving a borderline age situation, considered applying the higher age category, and gave ample reasons for not applying the higher age category. She wrote:

> Although a borderline age situation exists because the claimant is
> within a few days to a few months of attaining the next higher age

---

[2] A vocational adversity is an additional impairment which infringes upon a claimant's job opportunities, such as a marginal ability to communicate in English, or a history of work experience in an unskilled job. Application of the Medical–Vocational Guidelines in Borderline Age Situations, Soc. Sec. Admin., Office of Hearings and Appeals, *Hearings, Appeals, and Litigation Law Manual* (HALLEX) II–5–3–2, 2003 WL 25498826 (S.S.A.).

4

> category and use of the higher age category would result in a finding of 'disabled' instead of 'not disabled,' use of this age category is not supported by the limited adverse impact of all factors on the claimant's ability to adjust to other work. For example, the claimant has a high school education and is able to perform work at a range of light exertional work.

R. at 21-22. While not an exhaustive explanation, this is sufficient. *See Phillips*, 671 F.3d at 706.

Further, the ALJ's findings are supported by the record. Plaintiff had a high school education (in fact, he had two years of college), and he could perform the range of light exertional work. R. at 21, 61, 79.

Plaintiff's argument that the ALJ failed to consider other vocational adversities that supported applying the higher age category, such as the limitation in the RFC restricting him to frequent overhead reaching with the right upper extremity, R. at 15, the fact that his prior work was restricted to the construction industry, and that he last worked nine years before the ALJ issued her decision, is not persuasive. With respect to the RFC limitation, the ALJ found Plaintiff could perform frequent overhead reaching with the right arm, just not constant reaching, and she found no limitation on overhead reaching using the left arm. And although Plaintiff's prior work was confined to the construction industry, it was in fairly diverse areas, including employment as a drywall applicator, cabinet maker, carpenter, and roofer. R. at 21, 79, 206, 209-10. Granted, Plaintiff's past work was somewhat remote in time, but he indicated he stopped working in 2008 for "other reasons."[3] Thus, the ALJ properly found Plaintiff's past relevant work was not a factor that would detract him from performing unskilled work.

---

[3] The Court notes a prior ALJ decision found Plaintiff was not disabled from April 1, 2008, through December 17, 2013. R. at 92-103. The Court subsequently affirmed this decision. *Timm v. Colvin*, 2:15-CV-04157-MJW (Aug. 31, 2016 W.D. Mo.).

Finally, Plaintiff's argument overlooks the fact that the ALJ obtained testimony from a vocational expert who testified that an individual with Plaintiff's age, education, background, and RFC could perform work as a routing clerk, marker, and photocopy machine operator. R. at 22, 79-83. This evidence shows he was capable of performing work existing in significant numbers in the national economy, and so was not disabled.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  April 24, 2019           /s/ Greg Kays
                                GREG KAYS, JUDGE
                                UNITED STATES DISTRICT COURT